**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID ELLIOTT, et al., | : |
| | : Civil Case No. 09-1014 (FSH) |
| Plaintiffs, | : |
| v. | : **OPINION & ORDER** |
| | : |
| VERIZON NEW JERSEY INC., et al., | : Date: June 30, 2009 |
| | : |
| Defendants. | : |

**HOCHBERG, District Judge**.

This matter comes before the Court upon a Motion to Dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6), filed by Defendant Local 827 International Brotherhood of Electrical Workers, AFL-CIO ("Local 827" or the "Union"), improperly pled as IBEW. The Court having considered the submissions of the parties pursuant to Fed. R. Civ. P. 78; and

it appearing that Plaintiffs are employees of either Defendants Verizon New Jersey Inc. or Verizon Connected Solutions Inc. (collectively, "Verizon"); and

it appearing that Plaintiffs have been members of Local 827 throughout their employment; and

it appearing that Plaintiffs filed suit against Defendants Verizon and Local 827 on February 19, 2009, alleging, in thirteen separate counts: negligent representation by the Union and unfair labor practices (Count 1); retaliation for acts complained of in Count 1 (Count 2); hostile work environment (Count 3); defamatory injury to reputation (Count 4); intentional infliction of emotional distress (Count 5); per quod claims (Count 6); breach of IBEW Local 827

Agreement and Verizon Connected Solutions Employment Manual (Counts 7, 8, 9 and 10); violations of the New Jersey Racketeer Influenced and Corrupt Organization ("RICO") Statute (Count 11); all of the same claims against unidentified John Does 1-10 (Count 12); and all of the same claims against unidentified ABC Corporation 1-10 (Count 13); and

      it appearing that Local 827 has moved for the dismissal of certain causes of action asserted by Plaintiffs against the Union on the grounds that they are preempted by controlling federal labor law principles; and

      it appearing that Local 827 has moved for the dismissal of other claims asserted by Plaintiffs against the Union for failing to set forth a short and plain statement of the claims showing that the pleader is entitled to relief; and

      it appearing that Local 827 argues that the Complaint lacks any factual allegations about the Union's acts that would constitute the elements necessary to establish the asserted causes of action; fails to provide the Union sufficient notice to enable the preparation of a proper defense; and, thereby, fails to satisfy Plaintiffs' obligations under Fed. R. Civ. P. 8; and

      it appearing that, in response, Plaintiffs argue, among other points, that the Union's motion should be denied because the "complaint is complex and thus, should not be confused with frivolousness;" because there are many plaintiffs in the case; and because the Union attended the Rule 16 conference that set a joint discovery plan with Verizon;[1] and

---

[1] As noted, this Court has considered the submissions of the parties pursuant to Fed. R. Civ. P. 78. Plaintiffs' Opposition utterly fails to respond to Defendants' motion in a comprehensible manner. For example, in response to the Union's arguments concerning preemption, Plaintiffs argue only that "[i]f defendant IBEW believed that any count is preempted, then they simply should not have entered into a joint discovery plan with Verizon." The Union's satisfaction of its discovery obligations pursuant to Fed. R. Civ. P. 16 and this Court's orders obviously has no bearing on the preemption issue. Thus, the preemption arguments are not

it appearing that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true," even if doubtful in fact, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007);[2] and

it appearing that although a court accepts as true the allegations in the complaint and all reasonable inferences that can be drawn therefrom and views them in the light most favorable to the plaintiff, a court does not credit a complaint's "bald assertions" or "legal conclusions," *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997), *citing Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989);[3] and

---

rebutted at all by Plaintiffs.
    In addition to the substantive shortcomings of Plaintiffs' opposition to the instant motion, the Court notes the disregard for procedures and deadlines exhibited by Plaintiffs' counsel, Martin Asatrian, Esq. Mr. Asatrian failed a responsive brief on or before the clearly established deadline of April 20, 2009, despite having attended a case management conference with Magistrate Judge Shwartz on April 17, 2009, during which the instant motion was discussed; and also failed to timely or properly request an extension of time to file an opposition brief as required by Local Civil Rule 6.1. This Court granted the request for an extension only in the interests of furthering justice for the parties, as the Court notes that good cause was not shown.

    [2] *See also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

    [3] In evaluating a motion to dismiss, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based on those documents. *Pension Guaranty Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1992).

it appearing that on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation," *Bell Atlantic Corp.*, 550 U.S. at 555; *Synscort Inc. v. Sequential Software, Inc.*, 50 F. Supp. 2d. 318, 325 (D.N.J. 1999) (holding that "legal conclusions made in the guise of factual allegations" are accorded "no presumption of truthfulness"); and

it appearing that Local 827 moves to dismiss Counts 2-6 and 11, which appear to assert that Plaintiffs suffered adverse reactions by the Union for attempting to file grievances pursuant to their collective bargaining agreement with the Union, because these claims, to the extent they apply to the Union, directly implicate federal labor law and are preempted by the National Labor Relations Act (the "NLRA" or "Act");[4] and

it appearing that the Supreme Court established in *San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon* that the National Labor Relations Board (the "NLRB" or "Board") has primary jurisdiction to decide whether a union's conduct was protected under Section 7 or prohibited by Section 8 of the NLRA, 359 U.S. 236, 245 (1959) ("When an activity is arguably subject to s 7 or s 8 of the Act, the States as well as the federal courts must defer to

---

[4] Counts 2 through 6 appear to assert allegations that Local 827 retaliated and took other intentionally tortious action against Plaintiffs for their use of grievance procedures. Count 11 appears to assert a pattern of harassment and discriminatory behavior towards Plaintiffs, presumably because they utilized the same procedures. Having reviewed the contents of Count 11, however, this Court cannot decipher whether the allegations of Count 11 are, in fact, directed at Local 827. To the extent any of the allegations in Count 11 can be construed against the Union, they are controlled by the preemption arguments raised by the Union. The Court notes, moreover, that the allegations in Count 11 suffer from the same pleading infirmities examined below, in that Plaintiffs have provided only legal conclusions made in the guise of factual allegations and have not, therefore, sufficiently set forth any grounds showing their entitlement to relief under New Jersey's RICO statute.

the exclusive competence of the National Labor Relations Board if the danger of state interference with national policy is to be averted.");[5] and

it appearing that whether a state law claim is preempted may be determined by examining both the protections and prohibitions afforded by the NLRA to unions and their bargaining unit members, with the goal of preventing state law decisions or remedies from interfering with the NLRB's ability to adjudicate controversies properly before it thereby avoiding "the risk that the State will sanction conduct that the Act protects," *Belknap, Inc. v. Hale*, 463 U.S. 491, 498-99 (1983); and

it appearing that the filing of a grievance is a protected concerted activity under Section 7 of the NLRA, and any adverse employment consequence for filing such a grievance is prohibited by Section 8(1)(1) of the NLRA, *see Wright v. Nesor Alloy Corp.*, 2006 WL 2830969 (D.N.J. September 29, 2006) (holding that claims based on the filing of grievances pursuant to procedures established by a collective bargaining agreement are preempted); and

it appearing that courts have frequently found claims such as those now made by Plaintiffs against the Union to be preempted;[6] and

---

[5] Section 7 of the NLRA gives employees the right to engage in union or other concerted activities. Section 8(b) of the NLRA articulates union related unfair labor practices.

[6] *See Briones v. Bon Secours Health System*, 69 Fed. Appx. 530 (3d Cir. 2003) (affirming the dismissal of intentional infliction emotional distress claims as preempted by the NLRA); *Viestenz v. Fleming Companies, Inc.*, 681 F.2d 699, 701-04 (10th Cir.), cert. denied, 459 U.S. 972 (1982) (National Labor Relations Act preempts state actions for wrongful discharge and intentional infliction of emotional distress arising out of a labor context); *Hasbrouck v. Sheet Metal Workers Local 232*, 586 F.2d 691, 694 (9th Cir.1978) (National Labor Relations Act preempts state claims of defamation and business disparagement).

5

it appearing, therefore, that the NLRA preempts Counts 2, 3, 4, 5, 6, and 11, giving the NLRB primary jurisdiction over the causes of actions alleged therein; and

it appearing that Local 827 also moves to dismiss all counts asserted against the Union for failing to comply with Rule 8(a) and for failing to allege any facts beyond a speculative level that tend to establish any of the causes of action asserted in Plaintiffs' Complaint; and

it appearing that, pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a "pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2); and

it appearing that Rule 8 is designed to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Bell Atlantic Corp.,* 550 U.S. at 555;[7] and

it appearing that Count 1 asserts legal conclusions made in the guise of factual allegations against the Union by pleading a "breach of the duty of fair representation," yet fails to assert how, when or where the Union breached its duty towards Plaintiffs; and

it appearing that Count 2 attempts to base a generic claim of "retaliation" on the purely conclusory allegations made against the Union in Count 1, without providing any facts stating how, when or where Plaintiffs experienced retaliation; and

it appearing that Plaintiffs label Counts 7, 8, 9 and 10 "Breach of IBEW Local 827 Agreement and Verizon Connected Solutions Employment Manual," but fail to assert any factual

---

[7] As the *Bell Atlantic* Court also noted, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id*. at 556 n.3 (citing 5 Wright & Miller § 1202, at 94, 95 (Rule 8(a) "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" and does not authorize a pleader's "bare averment that he wants relief and is entitled to it")).

allegations against the Union in the contents of those counts, rendering such counts devoid of any factual allegations sufficient to state a claim upon which relief from the Union can be granted;[8] and

it appearing that, in total, Plaintiffs have provided only conclusory legal allegations made in the guise of actual allegations and have fallen far short of setting forth facts beyond a speculative level that tend to establish any of the causes of action asserted in the Complaint or that can provide the Union with sufficient notice to enable the preparation of a proper defense;[9] and

it appearing that Plaintiffs have, therefore, failed to meet the minimum pleading standards of Rule 8;

**IT IS** on this 30th day of June, 2009,

**ORDERED** that the Motion to Dismiss filed by Defendant Local 827 International Brotherhood of Electrical Workers, AFL-CIO is **GRANTED**; and it is further

**ORDERED** that Counts 2-6 and 11 are DISMISSED as asserted against Local 827 as preempted under federal labor laws; and it is further

---

[8] Plaintiffs are members of the Union but are not employed by the Union. To the extent that any of the allegations plead in the Complaint reference Plaintiffs' employment or employers, such allegations are not applicable to the Union.

[9] This conclusion applies with equal force to Counts 2-6 and 11, which are discussed above in the context of Local 827's preemption arguments. For example, Count 2 references "the continued pattern of harassment" without failing to identify any specific instances or forms of harassment. Moreover, many of the allegations contained within these counts simply refer back to earlier allegations, even though the earlier allegations are themselves conclusory and insufficient. Count 3, for one, states that "the actions of each and every defendant, *as stated earlier*, were harassing to plaintiffs," but, as noted, the earlier statements fail to provide specific information about any harassment so these subsequent generalized references are also insufficient. (Italics added).

**ORDERED**, as an independent and alternative ruling, that Counts 1-11 are **DISMISSED** as asserted against Local 827 for failure to state a claim upon which relief can be granted based on the failure to comply with Fed. R. Civ. P. 8.

**/s/ Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.
